May it please the Court, Counsel. I'd like to reserve three minutes for rebuttal. As this Court is well aware, this case has a long and tortured procedural history. Two trials before the District Court and now, ultimately, a second appeal before this Honored Court as to the underlying issues decided by the District Court. The two issues that are currently before this Court is, number one, whether the magistrate judge in determining the plaintiff's motion to amend their complaint after remand from this Court erred as a matter of law in interpreting the decision as one under Rule 16 versus one under Rule 15A. The second issue is whether or not the District Court erred in granting the defendant's motion for attorney's fees when, in fact, the attorney's fees incurred by the defendant were nearly twice that incurred by the plaintiff. As this Court is well aware, this Court remanded and reversed the prior verdict of the jury that was favorable to the plaintiff back for a new trial without instruction to the jury on the issue of labeling the milk permeate product that was sold to my client, which plaintiffs alleged ultimately killed their animals. In the course of this Court's opinion, the Court specifically addressed the labeling issue with regards to the express and the implied warranties. Now, if I can point out to the Court, and this Court's well aware because this Court's the one that authored the opinion, is with regards to Note 2 in the Court's opinion, the opinion was only with regards to the express and the implied warranty. It did not apply to the mercantility issue that plaintiffs ultimately sought to have amended before the District Court below. And why didn't it apply? I mean, the opinion goes on to say why it didn't apply. Correct. To the implied warranty and the express warranty, but not to the mercantility. And why didn't it apply to the theory of mercantility? I mean, the opinion says, and I think it's significant, because the Millen camps did not allege that DeVisco breached this warranty. So what our opinion says is that that issue was not part of the case as it came to us on appeal. Is that correct? That's correct. So it would not have been part of the case when it went back to the trial court as it stood in front of the trial court at the moment of remand. Well, we didn't have the benefit of this Court's opinion at the time of remand, whereas the District Court not only did we, the plaintiff, but also the District Court had made the determination throughout the course of the proceedings that the labeling issue was important and relevant to the implied and the express warranties. So, plaintiffs, obviously... The implied warranties that you alleged. Correct. Because merchantability is also an implied warranty, as you well know. Well, the merchantability issue is separate and distinct. Well, it's distinct from the implied warranty of fitness for a particular purpose. It's distinct from the implied warranty of title, but it's not different than an implied warranty. It still is an implied warranty, correct? Well, it's an implied warranty, and it must be taken in the context of the facts that are before the plaintiff at the time that it's made. As you made your case prior to this, you never did allege implied warranty of merchantability, as our opinion suggested, and therefore you wanted to go back and try to allege it now. Isn't that correct? That's correct. Okay. What is the standard of review that I have for this particular motion? Well, the standard of review at this point is an abuse of discretion by the underlying magistrate judge. Okay, so it's an abuse of discretion, and I guess what I'm trying to suggest is if it's an abuse of discretion and this case had gone on for this long without having an amendment for an implied warranty of merchantability, why should this court say, District Judge, you don't know what you're talking about. You should have allowed this amendment. This is not an amendment that has a futile analysis. This is an amendment that has to do with a court order saying all of the amendments should have been in by a certain time, and you should know where you're going, and you should make your decisions the way you do, and then you don't make those amendments, and now I'm to tell the district court, oh, they've come up with a new theory since the appeals court told them about it, so now they're supposed to be allowed to amend, and you're abusing your discretion, not allowing them to do so. Well, Your Honor. Is that what I'm supposed to say? Your Honor, the issue is the magistrate court determined the motion to amend under Rule 16 instead of Rule 15A. Yeah, that's because that's a court order. There was an order in place of when the last amendment should be made, and now I'm saying given that court order and abuse of discretion analysis, there I'm to tell the district judge, you are abusing your discretion to not allow these attorneys now to go back and reamend when they've long passed the due date on something the court of appeals told them about. They didn't even come up with it themselves. The abuse of discretion goes when a district court analyzes the issue before the court under the wrong analysis, and the district court made an improper analysis under Rule 16 instead of Rule 15A. Why? Wasn't there an order in place? That order was not in place at that point. Why wasn't it? It had expired. The case had already been tried. The case had been appealed to this court, and it was remanded. And when the case went back and they entered a new scheduling order, did they enter dates for events that had already passed, or did they simply schedule what was left for the future? No, they had. The district court, on the 27th of May of 2009, entered another scheduling order. And did it cover this subject? No. And why do you think it didn't cover this subject? Well, at that point this… Isn't the inference that it didn't cover this subject, because as far as the district court was concerned, that gate was closed. They were past that date and were concerned only with setting new dates for things that were yet to come. Well, that's not the position that this court has taken in the Nugent case versus the United States. And in that case, this court, after remand, allowed the plaintiff to amend their complaint  And upon appeal for the second time before this court, this court affirmed the district court's decision in allowing the plaintiff to amend their complaint. And in that particular case, again, it was an abuse of discretion analysis. And therefore, I guess my question is, on an abuse of discretion analysis, if a DJ takes one point and wants to go there, we may sustain. If a DJ takes another tact with his own discretion, it seems that we should also sustain, even though it is a different viewpoint than the last one, because it's an abuse of discretion. How do you respond to that? Well, you're taking the context, Your Honor, of abuse of discretion in such a narrow context. When Magistrate Judge Boyle made the determination under Rule 16, instead of 15A, there was clearly an abuse of discretion because he ruled on the matter under the wrong course of analysis. Only if you accept your premise that there was no scheduling order in place for that part of the case. There was no deadline for amending pleadings. Because if there is, if you say that that part of the prior order is still in effect and the court's view is that the deadline had already passed, then I take it you would acknowledge that under our case law, Rule 16 is the appropriate standard. I would agree with you, Your Honor. So we all go back to that premise. And what basis is this for us to say that the court abused its discretion in treating that deadline as having already passed? Because the deadline had not, the prior scheduling order had been extinguished at that point. Why? Why the case, you don't start and file a brand new complaint and act like nothing had ever happened before. The case is back before the district court anew. And the district court recognized that in issuing and requiring the parties to submit a new proposal as to what was going to be done at that point. Did you submit a proposal that included a new date for amending pleadings? We didn't have to because prior to that we had already filed our motion to amend. We'd file our motion to amend. That doesn't answer my question. Did you, I take it you just told me the court asked the parties to submit proposed orders for scheduling, proposed scheduling orders at that point. Is that true? Correct. Did you submit an order that would have given you leave to amend or let you file that motion? That is, did you set a deadline after the date of that filing? We didn't have to because the prior order. You're telling me you didn't have to, but I'm telling you maybe you did. If you didn't submit a new date for that, why is the court supposed to presume that the old date is extinguished? Well, if we go back to the Nugent case, this is what the court has interpreted the prior order as. I don't see anything in the Nugent case that states the conclusion you just offered up. To begin with, when affirms the trial court's permission to amend. So how does that permit me to infer that the trial court is compelled to permit an amendment or compelled to set a deadline that's later in time for an amendment? Well, Your Honor, if I understand where you're going to, this court has to make a determination as to ultimately whether or not the prior scheduling order controlled. And if that's the case, then obviously the analysis under the court's view under 16A would be correct. If not, the issue is the district court did abuse its discretion because it didn't take the appropriate analysis under Rule 15A. Let me ask you, counsel, did the district court abuse its analysis because it didn't have you start back at the beginning of discovery? I mean, you'd already discovered this case. You'd already done all of those kind of things. And all we're suggesting is on this particular case, given that all the discovery had been done, given that all the things had been taken, and now is it an abuse of discretion in the same analysis for the district judge to say, and we don't need any more amendments either. I mean, with the other case which you cite, again, we're on abuse of discretion. And that's what I'm really having you focus in on. Is it an abuse? When it's taken under the wrong context of law. Maybe you want to move to your second point. Can I reserve the last three minutes? Sure. We're into your rebuttal time, so go ahead and reserve the rest. And we'll hear from counsel for Appelee. Good morning, Your Honors. Lou Piccioni representing DePisco. I know Judge Smith, but is it Justice Clifton? Just judge. No justice in the Ninth Circuit. Just judges. Judge Clifton and Corman? Yes. Okay.  May it please the court and counsel. Can I ask you, can you give me one reason of policy why that he should not have been allowed to amend the complaint? Why Millenkamp should not have been allowed? Yeah, give me a reason of policy. By the way, under the new scheduling order, it was six months from the date of the new scheduling order that the trial was scheduled for. Am I correct? I'm sorry, it was six months? The new scheduling order was ended, I think, in May. I forget of what year. May of 2009. For a trial that was going to become in November. Correct. And there was no new discovery that was required, was there? No, there wasn't, Your Honor. So what was happening here is a scheduling order that was set before the first trial. You have the first trial. The Ninth Circuit reverses. It says we wouldn't have reversed if you had alleged a theory of mercantility and this evidence was admitted. So it goes back and the plaintiff says, okay, maybe I didn't think about it. I'd like to amend my complaint. There's no prejudice to you. The six months go by before the next scheduled trial. I can't think of a reason of policy why that motion should not have been granted. And instead, the magistrate judge did not rely on a reason of policy, did he? I can think of one, Judge. If the Millencamps had filed their motion to amend, let's say, one month before the first trial, let's say they had filed it in April of 2006, clearly the district court would have, the scheduling order of 2004 would have applied. The motion would have been denied for lack of good cause, for not filing the motion prior to the scheduling order deadline. That's before the first trial. Right. Absolutely. But that's because the scheduling order is designed to provide a schedule for a trial. Correct. And you want to have each step take place reasonably so that the ultimate trial date is not interfered with. But that all happened. And now there's a new order for a new trial, and under the circumstances where he's just simply trying to amend the complaint to allege a cause of action which would have justified a jury verdict in his favor, why he shouldn't have been permitted to amend it? It would be one thing if you were going to have the trial within a month. But there was a six-month gap in which nothing was happening in this case between the second scheduling order and this. A couple of things, Your Honor, to respond. If Millencamps did not file their motion to amend until May of 2009, their argument is that the scheduling order no longer applies, and therefore they should be permitted in 2009 what they could not have done three years earlier. Yeah, but there was a reason why they couldn't have done it three years earlier, because it would have interfered with the schedule, arguably with a schedule and a contemplated trial date. That was no longer the case here. But after the deadline passes, the proposed amendment is untimely. And it doesn't become timely just because three or four. And it may mean a different standard applies. That is true, Your Honor. But we come back to the same question. Okay. Assume for a moment that you're right, the date has passed, so you're under a Rule 16 analysis. What reason is there to deny leave to amend? Because there's no good cause. If we're under a Rule 16 analysis. There seems to be a good cause if it's a viable theory of action. I mean, the Ninth Circuit's opinion suggests that this might be a theory that could be pursued. Plaintiff comes in and now tries to plead it. So why isn't that good cause? One of the things that the district court cited was Jordan v. County of Los Angeles, a Ninth Circuit case, in which the court held that where the party-seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include that in the original complaint, the motion to amend could be denied. Are any of the facts different? Does this involve any different facts? No. And, in fact, Millenkamp's have admitted that they're- Different legal theory. That's right. Well, what you just read to me doesn't speak to that, does it? I think it does, Your Honor. It says that where, and I think this is a Rule 15 issue, a Rule 15a analysis in the Jordan decision. But what the court said there is, and I think this touches upon the undue delay factor under the Rule 15a analysis, that if you have a party who knows or should have known of the facts upon which the proposed amendment is based but fails to include it, the motion to amend may be denied. And Millenkamp's have actually admitted- But fails to include, but they've already included the facts because we've conceded the facts aren't any different for this. They've admitted that there are no new facts discovered which led to their motion to amend. In other words, they could have alleged this breach of merchantability claim way back then. Well, what you read to me doesn't say they can't do that. What you read to me suggests they can't bring in- If they knew the facts but didn't plead them, then they can't. But that's not the problem here. The problem here is they've got the facts that everybody knows about that are in dispute, but they're bringing in a new legal theory. And what you just read to me doesn't seem to speak to that. I confess I'm not familiar with the Jordan case. Coleman versus Quaker Oats, Your Honor. Even under the liberal Rule 15 standard, late amendments to assert new theories are not reviewed- Yes, but you're overlooking the unique circumstances here. This is not a motion to amend before a scheduled trial date yet to come in which a motion to amend could presumably delay things. Here there's a reversal. There's going to be a new trial. And what reason is there not to permit this? And the new trial is scheduled under a new scheduling order, which presumably the judge thought was necessary, six months late. It seems to me this is the most technical kind of pleading requirement here where a party says, okay, I overlooked. I should have pled another cause of action, which the Court of Appeals said would have justified a verdict in my favor. They've sent it back. No prejudice is going to be suffered by the defendant as a result of the amendment. And they say, well, you didn't the first order for the first trial set a date for an amendment, and that's still applicable here. And I think I can't see a reason of policy that would justify such an outrageous result. Judge, I would say that we, DAVISCO, did suffer prejudice, and this is also one of the, again, 15A prejudices, that this order came down in July, end of July of 2009. So let's say end of July of 2009 when the district court ruled on this motion, they said we're going to allow you to amend to allege a breach of the merchantability claim. That's the end of July. We basically had three months until the trial. We would have had to have new discovery. I thought we were dealing with the May and November. I'm sorry? I thought the new trial was scheduled for November. Correct. And the motion was filed at the end of May of 2009. It was filed at the beginning of May, and the new scheduling order was filed at the end. My memory could be wrong. The motion to amend the complaint was filed May 19th of 2009, and then the court ruled on it in July of 2009. And so what I'm saying is if in July they had denied it instead of or granted it instead of denied it, we would have had to have new discovery deadlines. We would have had to have new expert witness deadlines because we now have a merchantability claim. We'd want to redepose the plaintiff in this case, test that theory with not only the plaintiff but with the experts. We now have new labeling issues that are coming into play because of a merchantability claim, and we would have wanted to take another shot at summary judgment on the merchantability claim. Was the reason given by the magistrate? No. The magistrate ruled specifically. Did you argue that to the magistrate when he just said? We did. We did, Your Honor. We have a section in our brief on prejudice as part of a 15A analysis. But our DAVISCO's position is that we don't really need to get to Rule 15A because this Court's decisions in Johnson v. Mammoth Recreation and Coleman v. Quaker Oats, we feel that case law from the Ninth Circuit is controlling in this case. It indicates that once the district court filed the scheduling order, which established a timetable for amending pleadings, that the Rule 16 good cause standard controlled, and that the plaintiff's ability to amend is governed by Rule 16, not Rule 15. I'll accept that proposition. I'm just not sure why they didn't have good cause if they had what appeared to be a viable theory. And based on the Ninth Circuit decision indicating that this evidence, which was because of its admission, caused the reversal of the first verdict, why they shouldn't be allowed to say, okay, well, there's a legal theory that's certainly recognized. We want to add that legal theory to our arsenal. Why isn't that good cause? I would come back to the decisions in Jordan and in Coleman that late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action. And Millencamps in this case have never offered any explanation for their failure to amend prior to the deadline and therefore can't satisfy the good cause standard. But, Judge, I think there's another very significant fact. They made a mistake and they overlooked the cause of action. So they didn't plead it the first time, and the penalty for it ultimately was that a verdict in their favor was reversed. And in response to a suggestion by the Ninth Circuit as to how this evidence could have been properly admitted, they asked to amend their complaint. I don't know what's unreasonable about that. Judge, I would say first that this Court's opinion on page 978 indicates that we remand the case to the district court for a new trial that should not include any instruction regarding the malpermeate labeling. Well, that's because that's perfectly reasonable because it wasn't pleaded, but you're not suggesting that that mandate precluded the district judge from allowing them to file an amended complaint. I think that it is a directive to the district court that this second trial is not going to have the labeling requirement. So you're saying now that it was our opinion rather than the initial scheduling order that precluded an amended complaint? Not at all, Your Honor. What I'm saying is that if the district court doesn't take that as a mandate, then it's in their discretion. The district court would then have discretion, and the Millen camps have to show that they abuse the discretion. I can't see any reason. I think it's an abuse of discretion because I can't see any reason that justifies denying them that relief. Well, Judge, I guess, again, back to the original scheduling order that was for a trial that took place. There was, Your Honor, and I think this goes to both the Rule 16 and the Rule 15 standards, and this is a significant fact that the Millen camps have not once addressed in any of their written briefs or in any argument, and that is the stipulation that they signed on February 11th of 2005, which indicates that deadlines which have already passed shall not be extended or reopened. That was before the first trial, wasn't it? This was before the first trial. I understand that, and everything you say would make a lot of sense if what they were complaining about was not being permitted to amend before the first trial after the scheduling order had been set, but that's not this case. I understand, Judge, but what happened right before this, the first trial was initially scheduled to take place in April of 2005, and Millen Camps Counsel came to us a couple months before that and said, Hey, I have a scheduling conflict. Would you guys stipulate to vacate the trial? And we said we would do that. Vacate the trial? Vacate the trial. Vacate the first trial, which was initially set in March. You mean change the trial date? Change the trial date, and we said we don't have a problem with that, but we don't want to open everything up again. We don't want to start everything over and have new expert deadlines and new deadlines to amend the pleadings, so we will stipulate to reset the trial date to accommodate your schedule, but we want you to stipulate that there will not be in the future any reopening of expert deadlines or extension of deadlines to amend the pleadings, and they signed that, and there was an order from the district court that said these deadlines will not be extended or reopened, and that's an order of the court. And they also, I suppose, would have to argue that for whatever reason that order no longer applies as well, and I don't know what the basis for that would be, but it seems to me, Your Honor, that they should be held to that agreement and bound by the court's order that the deadlines should not be extended or reopened. I'm not sure I understand how that has anything to do with what happened. I mean, they're back because the case that went to verdict produced a judgment which this court tossed out. The circumstances that led to that first stipulation don't seem to have anything to do with the circumstances being faced on remand, do they? I mean, what's the connection? I guess it goes to the, you know, if we're going to look at this under a Rule 15A analysis. I'm accepting the proposition at 60. I'm just not sure why this isn't good cause. It's not good cause, Your Honor, because they knew about all the facts for their merchantability claim from way back when. They waited five years to bring it because they saw maybe in hindsight after reading this court's opinion that, oh, maybe we should have brought that earlier. They waited five years. There's a decision by the Ninth Circuit that says waiting eight months between the time of recognizing a fact and bringing the motion to amend is unreasonable. I only have 20 seconds left with regard to the second. You're in deficit. But since your colleague didn't say anything about the second, we'll let you skip on that. May I make one comment on that? No. I'm finished. You've got nothing to respond to and we're not going to hear from him on it cause you've got nothing to rebut. So we'll leave it there. Thank you, Your Honor. You do have rebuttal time left, but it is rebuttal, so keep that in mind. Thank you, Your Honor. Your Honor, when it comes down to it, we did not have the benefit of this court's ultimate decision in what I'll characterize as Mellencamp I. Not only were Mellencamps of the opinion that the labeling issue was pertinent to the implied and expressed warranties, but that was clearly evidenced by the district court. Only upon remand in this court's decision, Mellencamp I, was that made apparent that it was not. And it's not like this was a case of settled law in the state of Idaho. As this court knows, that Idaho law is quite sparse as to a lot of issues before the court. So it's not like the plaintiffs took an unreasonable position in limiting their causes of action, and then based upon this court's direction, seeking to correct that action before the district court. What's your position on the question of whether additional discovery would have been required, additional expert reports, anything else if this new cause of action was permitted into the case? Well, Your Honor, how I would respond to that is, as we heard from counsel for the defendant, is it's exactly the same case. The only issue is the labeling instruction, along with, as the court recalls it in our motion to amend, it's simply the labeling instruction, and it was not for the particular purpose. So with that being said, there's no prejudice to the plaintiff because it's the same case, it's just a separate legal theory. Would any additional discovery have been required? In my opinion, no, Your Honor. Any change to the expert reports? None whatsoever. Would you have asked the expert to apply it on a different subject? No, because the expert testified to the exact same thing in the first trial he would testify to in the second trial, his limitation obviously being the court's directive with regards to the labeling issue because of the fact that we couldn't amend our complaint to include that later. And the magistrate didn't rely on any prejudice, did he, to the defendant in denying your motion? When the magistrate denied your motion to amend, he didn't rely on any alleged prejudice to the defendant or the fact that there would be more discovery or new experts, did he? That's not how I read the opinion. I agree with you, Your Honor. That's not how I read the opinion. In fact, he instead looked at abuse of discretion and good cause, didn't he, rather than Rule 15? That's the way I read the opinion under Rule 16, as he alleged. Thank you. Thank both counsel for their arguments. The case just argued is submitted.
judges: Clifton, Nr Smith, Cjj Korman (Edny), Dj